**UNITED STATES OF AMERICA**
**MERIT SYSTEMS PROTECTION BOARD**

WADE T. COX,
                Appellant,

       v.

DEPARTMENT OF THE NAVY,
                Agency.

DOCKET NUMBER
SF-0752-22-0180-I-1

DATE: August 23, 2023

# THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Jeff Letts</u>, Esquire, Ruther Glen, Virginia, for the appellant.

<u>Mona C. Williams</u>, Esquire, Silverdale, Washington, for the agency.

**BEFORE**

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member

**FINAL ORDER**

¶1       The appellant has filed a petition for review of the initial decision, which sustained his removal. For the reasons discussed below, we GRANT the appellant's petition for review and REVERSE the initial decision. We DO NOT SUSTAIN the appellant's removal.

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

## BACKGROUND

¶2      The appellant most recently held the position of Supervisory Logistics Management Specialist, a GS-13 position in Silverdale, Washington. Initial Appeal File (IAF), Tab 6 at 15, 71. The appellant's supervisor proposed his removal based on one charge of conduct unbecoming of a supervisor concerning a verbal altercation in October 2021, during which he raised his voice and cursed at his colleague—another supervisor. *Id.* at 29-31. In explaining the reasons for her recommended penalty, the proposing official referenced the appellant's history of similar disrespectful outbursts for which he was not formally disciplined and attached what she labeled as "Historical Emails and statements documenting like or similar behavior." *Id.* at 29-32, 44-65. The appellant replied to the proposal notice and provided written statements from witnesses to the alleged October 2021 misconduct. *Id.* at 18-28. The deciding official issued a decision letter removing the appellant from his position in January 2022. *Id.* at 15-17.

¶3      The appellant filed this appeal arguing that the charge was untrue, he was denied due process, and the penalty was unreasonable. IAF, Tab 1 at 4, Tab 11 at 1-11. Following a hearing, the administrative judge issued an initial decision sustaining the removal. IAF, Tab 17, Initial Decision (ID).

¶4      The appellant has filed a timely petition for review, Petition for Review (PFR) File, Tab 1, and the agency has responded in opposition, PFR File Tab 3. The appellant replied to the agency's response. PFR File, Tab 4.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶5      In his petition for review, the appellant challenges the administrative judge's findings that the agency proved its charge and that the penalty of removal was reasonable. PFR File, Tab 1 at 4-13, 18-22. He also reasserts that the agency committed a due process violation. *Id.* at 13-17; IAF, Tab 11 at 8. As discussed below, we find that the agency violated the appellant's due process

rights. Because we reverse his removal on due process grounds, we decline to address his arguments concerning the charge and penalty.

¶6 The essential requirements of procedural due process are prior notice of the charges against the employee and a meaningful opportunity to respond to those charges. *Cleveland Board of Education v. Loudermill*, 470 U.S. 532, 546 (1985); *see* 5 U.S.C. § 7513(b). The appellant's main point on review is that the agency did not provide him adequate notice of past instances of similar misconduct relied upon by the deciding official in his decision on the penalty. PFR File, Tab 1 at 13-17. He presents two distinct allegations that he was denied due process. *Id.*

¶7 The appellant's first allegation pertains to the past instances of misconduct considered by the deciding official that were documented in emails attached to the proposed removal. PFR File, Tab 1 at 14; IAF, Tab 6 at 44-65. The appellant argues that these emails did not provide him with a legitimate opportunity to contest the accuracy of the allegations contained in the emails and that due process requires the specific allegations of the past misconduct to be in the body of the notice of proposed removal. PFR File, Tab 1 at 14. We disagree. In *Alvarado v. Department of the Air Force*, 97 M.S.P.R. 389, ¶ 15 (2004), we explained that a notice of proposed adverse action need not be a self-contained document; the notice requirement is satisfied when the proposal and any attachments to it, taken together, provide the employee with specific notice of the charges against him so that he can make an informed and meaningful reply. Here, the proposed removal referred to a history of similar disrespectful outbursts and that the appellant had been "engaging in this type of misconduct for years." IAF, Tab 6 at 32. The proposed removal specifically cited "Historical Emails and statements documenting like or similar behavior" as materials relied upon and attached those emails. *Id.* at 29, 44-65. Thus, the appellant had notice and an opportunity to respond to the allegations of past misconduct that were contained in the proposal packet.

¶8        The appellant's second allegation is that the deciding official erred by considering two other past instances of misconduct that were not specified anywhere in the proposal packet, and the administrative judge erred in finding otherwise.  PFR File, Tab 1 at 13-17; ID at 16.  We agree.  The deciding official described the appellant's past work record as including eight examples of unprofessional and disrespectful conduct.  IAF, Tab 10 at 6, Tab 12 at 16.  At the hearing, he testified that two out of the eight were based on his own experience with the appellant and were not included in the proposal notice or otherwise provided to the appellant during the removal process.[2]  Hearing Transcript (HT) at 118-20, 147-49 (testimony of the deciding official).

¶9        Pursuant to the decisions of the U.S. Court of Appeals for the Federal Circuit in *Ward v. U.S. Postal Service*, 634 F.3d 1274, 1279-80 (Fed. Cir. 2011), and *Stone v. Federal Deposit Insurance Corporation*, 179 F.3d 1368, 1376-77 (Fed. Cir. 1999), a deciding official violates an employee's due process rights when he relies upon new and material ex parte information as a basis for his decision on the merits of a proposed charge or the penalty to be imposed.

---

[2] The two examples appear to be the following:

> Unprofessional behavior toward me during a meeting to deliver my decision on your administrative grievance regarding you[r] Letter of Reprimand on 2/14/19.  During this meeting I counseled you very specifically on how your behavior was unacceptable and my expectations that you improve.  I provided this to you in writing.

> Unprofessional behavior toward me during a conversation about the Extended Refit Period 2 Technical Foundation Paper on 5/14/20.  The conversation devolved into an incoherent rant from you about unrelated topics including hiring practices, your disagreement with organizational changes, alleged favoritism, and your feelings of persecution.  I repeatedly had to ask you to stop interrupting me, pointed out that your behavior was the same behavior you exhibited during our meeting on 2/14/19, and ended the discussion with direction to you to put your allegations in writing and submit them to me, or call the TRF or NAVSEA hotlines if you felt I was untrustworthy.  You did neither.

IAF, Tab 10 at 6, Tab 12 at 16.

*Singh v. U.S. Postal Service*, [2022 MSPB 15](#), ¶ 23. When determining whether a due process violation has occurred, there is no basis for distinguishing between ex parte information provided to the deciding official and information personally known by the deciding official if the information was considered in reaching the decision and not previously disclosed to the appellant. *Id.* Thus, we consider whether these two instances of past misconduct constitute new and material ex parte information.

¶10 In *Stone*, the Federal Circuit identified the following factors to be used to determine if ex parte information is new and material: (1) whether the ex parte information introduced cumulative, as opposed to new, information; (2) whether the employee knew of the information and had an opportunity to respond; and (3) whether the communication was "of the type likely to result in undue pressure on the deciding official to rule in a particular manner." *Stone*, 179 F.3d at 1377. Ultimately, we must determine "whether the ex parte communication is so substantial and so likely to cause prejudice that no employee can fairly be required to be subjected to a deprivation of property under such circumstances." *Id.*

¶11 Regarding the first *Stone* factor, the Board has held that additional, specific instances of rude and disrespectful behavior, although similar in nature to the charged misconduct, cannot be considered merely cumulative. *See Silberman v. Department of Labor*, [116 M.S.P.R. 501](#), ¶ 12 (2011). The two examples noted by the deciding official involved specific conversations he had with the appellant on specific dates during which the appellant exhibited unprofessional behavior. IAF, Tab 10 at 6, Tab 12 at 16. This information was new and not merely cumulative. Regarding the second *Stone* factor, the deciding official testified that the appellant was not given notice or an opportunity to respond to these two instances during the disciplinary process, and there is no indication in the record to the contrary. HT at 147-49 (testimony of the deciding official).

¶12     Regarding the third *Stone* factor, we found no evidence that the information about these past instances of misconduct—personally known to the deciding official—resulted in undue pressure on him to remove the appellant. Nonetheless, the undue pressure factor is only one of several enumerated factors and is not the ultimate inquiry in the *Stone* analysis. *Silberman*, [116 M.S.P.R. 501](), ¶ 13 (citing *Ward*, 634 F.3d at 1280 n.2). The Board has found that information is plainly material when the deciding official admitted that the information influenced his penalty determination. *Compare Lopes v. Department of the Navy*, [116 M.S.P.R. 470](), ¶¶ 12-13 (2011) (finding that ex parte information about past misconduct was material, even if it may not have resulted in undue pressure on the deciding official, as evidenced by the deciding official's statements about the past misconduct and his penalty determination), *with Dieter v. Department of Veterans Affairs*, [2022 MSPB 32](), ¶¶ 15-18 (finding that a deciding official's belief that an employee had been disruptive in the past did not rise to the level of a due process violation because she did not testify that she considered any "disruptions" that were not referenced in the proposal notice in her decision). Here, the deciding official testified that, after considering these instances of unprofessional behavior, his decision about the appropriate penalty changed from a 2-week suspension to removal. HT at 118-19 (testimony of the deciding official).[3] Therefore, the ex parte information was plainly material.

¶13     Based on the foregoing, we find that the deciding official's consideration of new and material information undermined the appellant's constitutional due

---

[3] The deciding official testified to the following:

> I started going through a couple of my own experiences with [the appellant]. By the time I got to number 8, for unprofessional behavior for, you know, all the things that are described in those letters, that's really when my mind changed . . . . So when I sat down, honestly, I hadn't been—in my head, I'm thinking, it's probably about a two-week suspension. It's very serious, but when I got to the eighth instance of this behavior being repeated to a greater or lesser degree, that's when my mind changed, and I said, I think the appropriate decision here is removal.

process guarantee of notice and of the opportunity to respond. Accordingly, we reverse the initial decision. Because we reverse the initial decision on due process grounds, we do not address the appellant's remaining arguments on review. *See Solis v. Department of Justice*, 117 M.S.P.R. 458, ¶ 10 (2012) (declining to consider any of the appellant's other arguments after reversing an agency removal action on due process grounds).

**ORDER**

¶14     We ORDER the agency to cancel the appellant's removal and restore the appellant effective January 15, 2022. *See Kerr v. National Endowment for the Arts*, 726 F.2d 730 (Fed. Cir. 1984). The agency must complete this action no later than 20 days after the date of this decision.

¶15     We also ORDER the agency to pay the appellant the correct amount of back pay, interest on back pay, and other benefits under the Office of Personnel Management's regulations, no later than 60 calendar days after the date of this decision. We ORDER the appellant to cooperate in good faith in the agency's efforts to calculate the amount of back pay, interest, and benefits due, and to provide all necessary information the agency requests to help it carry out the Board's Order. If there is a dispute about the amount of back pay, interest due, and/or other benefits, we ORDER the agency to pay the appellant the undisputed amount no later than 60 calendar days after the date of this decision.

¶16     We further ORDER the agency to tell the appellant promptly in writing when it believes it has fully carried out the Board's Order and of the actions it has taken to carry out the Board's Order. The appellant, if not notified, should ask the agency about its progress. *See* 5 C.F.R. § 1201.181(b).

¶17     No later than 30 days after the agency tells the appellant that it has fully carried out the Board's Order, the appellant may file a petition for enforcement with the office that issued the initial decision on this appeal if the appellant believes that the agency did not fully carry out the Board's Order. The petition

should contain specific reasons why the appellant believes that the agency has not fully carried out the Board's Order, and should include the dates and results of any communications with the agency. 5 C.F.R. § 1201.182(a).

¶18　　For agencies whose payroll is administered by either the National Finance Center of the Department of Agriculture (NFC) or the Defense Finance and Accounting Service (DFAS), two lists of the information and documentation necessary to process payments and adjustments resulting from a Board decision are attached. The agency is ORDERED to timely provide DFAS or NFC with all documentation necessary to process payments and adjustments resulting from the Board's decision in accordance with the attached lists so that payment can be made within the 60-day period set forth above.

### NOTICE TO THE APPELLANT REGARDING YOUR RIGHT TO REQUEST ATTORNEY FEES AND COSTS

You may be entitled to be paid by the agency for your reasonable attorney fees and costs. To be paid, you must meet the requirements set forth at Title 5 of the United States Code (5 U.S.C.), sections 7701(g), 1221(g), or 1214(g). The regulations may be found at 5 C.F.R. §§ 1201.201, 1201.202, and 1201.203. If you believe you meet these requirements, you must file a motion for attorney fees and costs WITHIN 60 CALENDAR DAYS OF THE DATE OF THIS DECISION. You must file your motion for attorney fees and costs with the office that issued the initial decision on your appeal.

### NOTICE OF APPEAL RIGHTS[4]

You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b).

---

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

**(2) Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you only if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—including a disposition of your discrimination claims—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** after you receive this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. 420 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** after your representative receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of your discrimination claims only, excluding all other issues. 5 U.S.C. § 7702(b)(1). You must file any such request with the

EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision.  5 U.S.C. § 7702(b)(1).  If you have a representative in this case, and your representative receives this decision before you do, then you must file with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3) <u>Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012</u>**.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D).  If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C.  20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov.  Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit.  The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

---

July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD:      /s/ for
_____
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.



**DEFENSE FINANCE AND ACCOUNTING SERVICE**
**Civilian Pay Operations**

# DFAS BACK PAY CHECKLIST

The following documentation is required by DFAS Civilian Pay to compute and pay back pay pursuant to 5 CFR § 550.805.  Human resources/local payroll offices should use the following checklist to ensure a request for payment of back pay is complete.  Missing documentation may substantially delay the processing of a back pay award.  **More information may be found at: https://wss.apan.org/public/DFASPayroll/Back%20Pay%20Process/Forms/AllItems.aspx.**

**NOTE:  Attorneys' fees or other non-wage payments (such as damages) are paid by vendor pay, not DFAS Civilian Pay.**

☐  1) Submit a **"SETTLEMENT INQUIRY - Submission"** Remedy Ticket.  Please identify the specific dates of the back pay period within the ticket comments.

Attach the following documentation to the Remedy Ticket, or provide a statement in the ticket comments as to why the documentation is not applicable:

☐  2) Settlement agreement, administrative determination, arbitrator award, or order.

☐  3) Signed and completed "Employee Statement Relative to Back Pay".

☐  4) All required SF50s (new, corrected, or canceled).  **\*\*\*Do not process online SF50s until notified to do so by DFAS Civilian Pay.\*\*\***

☐  5) Certified timecards/corrected timecards.  **\*\*\*Do not process online timecards until notified to do so by DFAS Civilian Pay.\*\*\***

☐  6) All relevant benefit election forms (e.g. TSP, FEHB, etc.).

☐  7) Outside earnings documentation.  Include record of all amounts earned by the employee in a job undertaken during the back pay period to replace federal employment.  Documentation includes W-2 or 1099 statements, payroll documents/records, etc.  Also, include record of any unemployment earning statements, workers' compensation, CSRS/FERS retirement annuity payments, refunds of CSRS/FERS employee premiums, or severance pay received by the employee upon separation.

**Lump Sum Leave Payment Debts:**  When a separation is later reversed, there is no authority under 5 U.S.C. § 5551 for the reinstated employee to keep the lump sum annual leave payment they may have received.  The payroll office must collect the debt from the back pay award.  The annual leave will be restored to the employee.  Annual leave that exceeds the annual leave ceiling will be restored to a separate leave account pursuant to 5 CFR § 550.805(g).



**NATIONAL FINANCE CENTER CHECKLIST FOR BACK PAY CASES**

Below is the information/documentation required by National Finance Center to process payments/adjustments agreed on in Back Pay Cases (settlements, restorations) or as ordered by the Merit Systems Protection Board, EEOC, and courts**.**

1. Initiate and submit AD-343 (Payroll/Action Request) with clear and concise information describing what to do in accordance with decision.

2. The following information must be included on AD-343 for Restoration:

   a. Employee name and social security number.
   b. Detailed explanation of request.
   c. Valid agency accounting.
   d. Authorized signature (Table 63).
   e. If interest is to be included.
   f. Check mailing address.
   g. Indicate if case is prior to conversion.  Computations must be attached.
   h. Indicate the amount of Severance and Lump Sum Annual Leave Payment to be collected (if applicable).

Attachments to AD-343

1. Provide pay entitlement to include Overtime, Night Differential, Shift Premium, Sunday Premium, etc. with number of hours and dates for each entitlement (if applicable).
2. Copies of SF-50s (Personnel Actions) or list of salary adjustments/changes and amounts.
3. Outside earnings documentation statement from agency.
4. If employee received retirement annuity or unemployment, provide amount and address to return monies.
5. Provide forms for FEGLI, FEHBA, or TSP deductions. (if applicable)
6. If employee was unable to work during any or part of the period involved, certification of the type of leave to be charged and number of hours.
7. If employee retires at end of Restoration Period, provide hours of Lump Sum Annual Leave to be paid.

NOTE:  If prior to conversion, agency must attach Computation Worksheet by Pay Period and required data in 1-7 above.

The following information must be included on AD-343 for Settlement Cases:  (Lump Sum Payment, Correction to Promotion, Wage Grade Increase, FLSA, etc.)

   a. Must provide same data as in 2, a-g above.
   b. Prior to conversion computation must be provided.
   c. Lump Sum amount of Settlement, and if taxable or non-taxable.

If you have any questions or require clarification on the above, please contact NFC's Payroll/Personnel Operations at 504-255-4630.